UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL L. ZEPF; PATRICIA A. ZEPF;<br>BANK OF AMERICA, N.A.;<br>COMMONWEALTH OF MASSACHUSETTS,<br>DEPARTMENT OF REVENUE;<br>TOWN OF HOPKINTON, MASSACHUSETTS;<br>and EAST-WEST MORTGAGE COMPANY,<br>INC.,<br><br>　　　　Defendants. | Case No. 1:24-cv-10811 |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Plaintiff United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed by Michael L. Zepf and Patricia A. Zepf, and (2) enforce the federal tax liens against certain real property belonging to them. For its Complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1.　The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.　Defendant Michael L. Zepf resides in Middlesex County, Massachusetts, within the jurisdiction of this Court.

3.　Defendant Patricia A. Zepf resides in Middlesex County, Massachusetts, within the jurisdiction of this Court.

4. Defendant Bank of America, N.A., is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

5. Defendant Commonwealth of Massachusetts, Department of Revenue, is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

6. Defendant Town of Hopkinton, Massachusetts, is joined as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens, and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

7. Defendant East-West Mortgage Company, Inc., is named as a party to this action as required by 26 U.S.C. § 7403(b) because it may claim an interest in the property upon which the United States seeks to enforce its liens.

8. The real property upon which the United States seeks to enforce its tax liens (the "Property") is located at 18 Eastview Road, Hopkinton, MA 01748, which is located in Middlesex County and which is within the jurisdiction of this Court, and has a legal description as follows:

> That certain parcel of land situate in Hopkinton in the County of Middlesex and said Commonwealth, bounded and described as follows:
>
> Northeasterly by Eastview Road, one hundred sixty-two and 35/100 feet;
>
> Southeasterly by lot 38 as shown on plan hereinafter mentioned, one hundred fifty-four and 42/100 feet;

Southwesterly by land now or formerly of Jonathan Bailey, ninety-six and 83/100 feet; and

Northwesterly by lot 49 on said plan, one hundred eighty-three and 35/100 feet.

Said parcel is shown as lot 39, Sheet 2, on said plan.
All of said boundaries are determined by the Court to be located as shown on a subdivision plan, as approved by the Court, filed in the Land Registration office, a copy of which is filed in the Registry of Deeds for the South Registry District of Middlesex County in Registration Book 658, Page 160, with Certificate 105710.

The above described land is subject to a Grant of Easement from Robert T. Nealon et ux to New England Telephone and Telegraph Company and Boston Edison Company, Document 370057.

Prior Deed Reference:   Meaning to describe the property conveyed to Michael L. Zepf and Patricia A. Zepf, husband and wife, as tenants by the entirety, by Quitclaim Deed dated March 23, 1995, and recorded with the South Middlesex County Land Court Registry of Deeds as document number 970431, certificate number 0201762, at Book 1139, Page 12, on March 24, 1995.

### COUNT ONE
### (Claim Against Michael L. Zepf to Reduce 2001, 2002, 2010, and 2011 Income Tax Liabilities to Judgment)

9. The United States incorporates by reference paragraphs 1 and 2 as if specifically realleged herein.

10. A delegate of the Secretary of the Treasury made assessments against Defendant Michael L. Zepf for income taxes for the periods, on the dates, and in the amounts described below.  These liabilities have balances due as of March 22, 2024, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due 03/22/2024 |
|---|---|---|---|
| 12/31/2001 | 08/08/2011 | $34,107.00 | $107,112.42 |
| 12/31/2002 | 08/15/2011 | $24,685.00 | $91,999.57 |
| 12/31/2010 | 11/21/2011 | $43,647.00 | $89,581.48 |
| 12/31/2011 | 10/15/2012 | $25,616.00 | $44,539.29 |
| Total | | | $333,232.76 |

11. Notice of the liabilities described in paragraph 10 was given to, and payment demanded from, Defendant Michael L. Zepf.

12. Despite proper notice and demand, Defendant Michael L. Zepf failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, Defendant Michael L. Zepf remains liable to the United States in the amount of $333,232.76 as of March 22, 2024, plus statutory additions and interest accruing from and after March 22, 2024.

13. The liabilities described in paragraph 10 were assessed following Defendant Michael L. Zepf's self-reporting of the tax amounts owed.

14. Defendant Michael L. Zepf submitted multiple offers in compromise pursuant to 26 U.S.C. § 7122 for, as relevant here, the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011, as explained below:

a) The first offer in compromise related to tax periods ending December 31, 2001, December 31, 2002, and December 31, 2010, and was pending from on or about November 18, 2011, through on or about April 13, 2012, on or about which date Defendant Michael L. Zepf withdraw the offer in compromise;

b) The second officer in compromise related to tax periods ending December 31,

2001, December 31, 2002, December 31, 2010, and December 31, 2011, and was pending from on or about November 29, 2012, through on or about August 23, 2013, on or about which date the IRS rejected or returned the offer in compromise; and,

      c)  The third offer in compromise related to tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011, and was pending from on or about March 11, 2014, through on or about September 17, 2015, on which date the IRS accepted the offer in compromise, but then Defendant Michael L. Zepf defaulted on the offer in compromise on or about February 15, 2019, by failing to honor the terms of the offer in compromise.

15.    Although a proceeding in district court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. § 6331(i) and (k) for the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011.

## COUNT TWO
**(Claim Against Michael L. Zepf and Patricia A. Zepf to Reduce 2017, 2018, and 2019 Income Tax Liabilities to Judgment)**

16.    The United States incorporates by reference paragraphs 1 through 3 as if specifically realleged herein.

17.    A delegate of the Secretary of the Treasury made assessments against Defendant Michael L. Zepf and Defendant Patricia A. Zepf for joint income taxes for the periods, on the dates, and in the amounts described below.   These liabilities have balances due as of March 22, 2024, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651, or

penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Tax Amount Assessed | Balance Due 03/22/2024 |
|---|---|---|---|
| 12/31/2017 | 11/19/2018 | $30,979.00 | $48,653.83 |
| 12/31/2018 | 11/25/2019 | $33,593.00 | $52,863.86 |
| 12/31/2019 | 11/23/2020 | $27,740.00 | $41,882.21 |
| Total | | | $143,399.90 |

18. Notice of the liabilities described in paragraph 17 was given to, and payment demanded from, Defendant Michael L. Zepf and Defendant Patricia A. Zepf.

19. Despite proper notice and demand, Defendant Michael L. Zepf and Defendant Patricia A. Zepf failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, Defendant Michael L. Zepf and Defendant Patricia A. Zepf remain liable jointly to the United States in the amount of $143,399.90 as of March 22, 2024, plus statutory additions and interest accruing from and after March 22, 2024.

20. The joint liabilities described in paragraph 17 were assessed following Defendant Michael L. Zepf's and Defendant Patricia A. Zepf's self-reporting of the tax amounts owed.

**COUNT THREE**
**(Claim Against All Parties to Enforce Federal Tax Liens Against the Property)**

21. The United States incorporates by reference paragraphs 1 through 20 as if specifically realleged herein.

22. Defendant Michael L. Zepf and Defendant Patricia A. Zepf purchased the Property on March 23, 1995, for $163,000, and they are the current record title owners of the Property as shown by the Quitclaim Deed dated March 23, 1995, and recorded with the South

Middlesex County Land Court Registry of Deeds as document number 970431, certificate number 0201762, at Book 1139, Page 12, on March 24, 1995.

23. Because Defendant Michael L. Zepf and Defendant Patricia A. Zepf neglected, refused, or failed to pay the liabilities described in paragraphs 10 and 17, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to all property and rights to property owned or later acquired by Defendant Michael L. Zepf and Defendant Patricia A. Zepf, including the Property.

24. In accordance with 26 U.S.C. § 6323(f), Notices of Federal Tax Lien ("NFTL") securing the income tax liabilities described in paragraphs 10 and 17 were recorded with the South Middlesex County Registry of Deeds, as set forth below:

a) A NFTL securing the income tax liabilities described in paragraph 10 for tax periods ending December 31, 2001, December 31, 2002, and December 31, 2010, was recorded on June 26, 2012, at Book 59374, Page 150. Although the liens described in the NFTL released because the IRS filed a Certificate of Release of Federal Tax Lien following the IRS's acceptance of the offer in compromise described in paragraph 14, the release was revoked by a Revocation of Certificate of Release of Federal Tax Lien recorded on September 28, 2023, at Book 82044, Page 276, and the liens were thereby reinstated. A NFTL was re-filed on December 12, 2023, at Book 82302, Page 574;

b) A NFTL securing the income tax liabilities described in paragraph 10 for tax period ending December 31, 2011, was recorded on November 8, 2012, at Book 60443, Page 70. Although the liens described in the NFTL released because the IRS filed a Certificate of Release of Federal Tax Lien following the IRS's acceptance of the offer in compromise described in paragraph 14, the release was revoked by a Revocation of Certificate of Release

of Federal Tax Lien recorded on September 28, 2023, at Book 82044, Page 277, and the liens were thereby reinstated. A NFTL was re-filed on December 12, 2023, at Book 82302, Page 574;

c) A NFTL securing the income tax liabilities described in paragraph 17 for tax periods ending December 31, 2017, and December 31, 2018, was recorded on November 10, 2021, at Book 79114, Page 375; and,

d) A NFTL securing the income tax liabilities described in paragraph 17 for tax period ending December 31, 2019, was recorded on March 21, 2023, at Book 81345, Page 356.

25. The United States is entitled to enforce the federal tax liens described in paragraphs 23 and 24 against the Property pursuant to 26 U.S.C. § 7403 and to have the entire Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, to the Town of Hopkinton, Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraphs 10 and 17, except to the extent that the Court determines that another party has a superior right, title, lien, claim, or interest.

WHEREFORE, Plaintiff United States of America requests the following relief:

A. Judgment in favor of the Plaintiff United States of America and against Defendant Michael L. Zepf for the income tax periods ending December 31, 2001, December 31, 2002, December 31, 2010, and December 31, 2011, in the amount of $333,232.76 as of March 22,

2024, plus statutory additions accruing from and after March 22, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  B. Judgement in favor of the Plaintiff United States of America and against Defendant Michael L. Zepf and Defendant Patricia A. Zepf jointly for the income tax periods ending December 31, 2017, December 31, 2018, and December 31, 2019, in the amount of $143,399.90 as of March 22, 2024, plus statutory additions accruing from and after March 22, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

  C. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraphs 10 and 17 on the Property;

  D. An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Property by ordering the sale of the entire Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Property; second, the Town of Hopkinton, Massachusetts, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); and third, to the United States to pay the liabilities described above in paragraphs 10 and 17, except to the extent that the Court determines that another party has a superior right, title, or interest; and,

  E. The United States of America shall recover its costs and be awarded such other and further relief as the Court determines is just and proper.

Demand for Jury Trial

Plaintiff United States of America demands a jury trial provided by Rules 38 and 39 of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Joseph M. Kaufman*
Joseph M. Kaufman
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 598-5508 /Fax: (202) 514-5238
Joseph.M.Kaufman@usdoj.gov

Local Counsel:
Joshua S. Levy
Acting U.S. Attorney, D. Mass